IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


XAVIER W. KENDRICKS                                                    PLAINTIFF

vs.                                  Civil No. 4:07-cv-04119

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Xavier W. Kendricks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for Childhood Disability Benefits ("CDB") and Supplemental Security Income ("SSI") under Title

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed his application on December 6, 2006.  (Tr. 126).  Plaintiff alleged

he was disabled due to bipolar disorder, ADHD, and seizure disorder.  (Tr. 135).  Plaintiff alleged

an onset date of September 24, 1987.  (Tr. 126).  This application was initially denied on November

22, 2005 and was denied again on reconsideration on February 26, 2006.  (Tr. 33-40).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

On March 20, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 26-27). The hearing was held on January 17, 2007 in Texarkana, Arkansas. (Tr. 538-574). Plaintiff was present and represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* Plaintiff's mother, Evelyn Kendricks also testified at this hearing. *See Id.* On the date of this hearing, Plaintiff was nineteen (19) years old, which is defined as a "younger adult individual" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 546-547).

On April 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for CDB and SSI. (Tr. 13-20). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 18, Finding 2). The ALJ also determined Plaintiff had the severe impairment of cognitive disorder and obesity. (Tr. 18, Finding 3). However, ALJ found Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 3).

The ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC to perform unskilled sedentary work. (Tr. 19, Finding 7).

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The VE testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 570-571). For example, the VE testified such a hypothetical person could perform work as an assembly line worker (10,000 such jobs in the Region and 100,000 in the nation). The ALJ went on to find Plaintiff was not under a disability from

his alleged onset date through the date of the decision.  (Tr. 19, Finding 12).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 7-9).  On November 23, 2007, the Appeals Council declined to review this determination.  (Tr. 4-6).  *See* 20 C.F.R. § 404.984(b)(2).  On December 19, 2007, Plaintiff filed the present appeal.  (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 7, 12).  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

3

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the ALJ's decision was not supported by substantial evidence in the record because: (1) the ALJ did not properly consider Plaintiff's subjective complaints of pain, (2) the ALJ erred in his RFC determination, and (3) the ALJ posed an improper hypothetical to the VE. In response to Plaintiff's arguments, Defendant claims that: (1)

4

the ALJ properly considered Plaintiff's subjective complaints of pain, (2) the ALJ RFC's determination is supported by substantial evidence, and (3) the ALJ posed a proper hypothetical to the VE.

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and properly evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991).

As an initial matter, the ALJ made no mention of evaluating the Plaintiff's subjective complaints pursuant to 20 C.F.R. § 404.1529, 20 C.F.R. § 416.929, or *Polaski.*  The ALJ mentioned some of the medication the Plaintiff uses, but provided no analysis or findings regarding the effectiveness of these medicines and their side effects.  (Tr. 14).  There is no further mention or analysis of any of the other *Polaski* factors.  To properly comply with *Polaski*, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the Plaintiff's testimony, addressing any  inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d at 1144.

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full

*Polaski* analysis.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **16th day of March, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]Based on these findings, the Court does not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.